EDMONSON *v.* AKIN.

Opinion delivered October 1, 1923.

1. APPEAL AND ERROR—FORM OF VERDICT—OBJECTION AND EXCEPTION.—Where plaintiff sued for $1,000 compensatory damages and for $500 punitive damages for malicious assault and battery, objection to the form of a verdict for plaintiff for $200, as not specifying the kind of damages awarded, will not be considered on appeal, where no objection was made nor exception saved thereto.

2. ASSAULT AND BATTERY—INSTRUCTION AS TO MITIGATION.—In an action for assault and battery, in which there was no testimony tending to show that the blow was inflicted through provocation or fault of the plaintiff, an instruction on provocation as a circumstance to be considered in mitigation of damages was properly refused.

3. TRIAL—INSTRUCTION ALREADY GIVEN.—In an instruction for assault and battery an instruction requiring a finding that plaintiff had sustained actual damages before allowing him punitive damages *held* properly refused, in view of other instructions covering the same subject-matter.

Appeal from Izard Circuit Court; *W. L. Pope,* Judge; affirmed.

*H. A. Northcutt,* for appellant.

*Godwin & Sherrill* and *John H. Woods,* for appellee.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Izard County to recover $1,000 compensatory and $500 punitive damages for maliciously, wantonly, and without cause, beating him on the head with a stick, thereby causing him great pain and suffering.

Appellant filed an answer, admitting the assault and battery, but denying that it was done maliciously, wantonly, and without cause, or that any pain or suffering resulted to appellee on account thereof.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and consequent judgment against appellant for $200, from which is this appeal. The form of the verdict is as follows: "We, the jury, find for the plaintiff in the sum of $200. J. L. Williamson, foreman."

The facts are undisputed and show, in substance, that appellant met appellee in the road, and, after cursing and abusing him, said, " I am going to whip you unless you pay me back that $30 fine I had to pay for my boy." True to his word, he got into appellee's wagon and struck him over the head with a green hickory stick, about three feet long, cutting a gash thereon, which bled profusely. The blow addled appellee's mind, and pained him greatly, and continued to pain and hurt him for several weeks. A scar was left upon his head as a result of the blow. Some time before the assault appellant told R. J. Estes that appellee had indicted his boy, and he intended to make appellee pay the amount of the fine back to him. After the attack he told Estes that he hit appellee over the head with a stick and thereby compelled appellee to pay the amount back to him.

Appellant first contends for a reversal of the judgment because the form of the verdict does not indicate

whether it was returned upon the count for actual damages or the count for punitive damages. According to the abstract, no objection was made and exception saved to the form of the verdict, so the question raised is not before us for determination.

Appellee next contends for a reversal of the judgment for the alleged reason that no injury was shown. The record reflects that the injury inflicted upon appellee was severe and caused much pain and suffering.

Appellant next contends for a reversal of the judgment because the court refused to instruct the jury as follows:

"You are instructed that, although you may believe the defendant was not acting in self-defense, if, making due allowance for the infirmities of human temper, the defendant had a reasonable excuse arising from the provocation or fault of the plaintiff, but not sufficient to justify entirely the act done, then damages ought not to be assessed by way of punishment, and the circumstances of mitigation should be considered."

The instruction was properly refused as being abstract. There is no testimony in the record tending to show that the blow was inflicted through provocation or fault of appellee.

Appellant next contends for a reversal of the judgment because the court refused to give the following instruction:

"You are instructed that you must first find that the plaintiff has sustained actual damages before you can find he is entitled to punitive damages."

The court instructed the jury to return a verdict in favor of appellee on account of the assault and battery in such sum as the testimony warranted, not to exceed $1,000, and that they might also return a verdict for punitive damages not to exceed $500. The two instructions given therefore covered the instruction refused. According to the abstract, no objection was made to the

instruction given by the court, and they were warranted by the undisputed facts in the case, which showed that the assault was unprovoked, cruel, and severe.

No error appearing, the judgment is affirmed.